UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEVE AND CATHY NEWLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-309-PLR-HBG |
| | ) | |
| MORGAN STANLEY PRIVATE BANK, N.A., | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Joinder of Party, Morgan Stanley Mortgage Capital Holdings, LLC [Doc. 46], Motion to Strike Amended Complaint [Doc. 49], Defendants' Motion and Incorporated Memorandum of Law Seeking a More Definitive Statement [Doc. 50], and Joinder in Motion and Memorandum of Law Seeking a More Definite Statement [Doc. 51]. The Motions are now ripe for adjudication. Accordingly, for the reasons set forth below, the Court **GRANTS** the Plaintiffs' Motion for Joinder of Party [**Doc. 46**], **GRANTS IN PART** the Motion to Strike Amended Complaint [**Doc. 49**] and **DENIES AS MOOT** the Motions Seeking a More Definite Statement [**Docs. 50, 51**].

**I. BACKGROUND**

The Plaintiffs filed their original Complaint [Doc. 1-1] on June 3, 2015, in the Circuit Court for Sevier County, Tennessee. The Complaint was filed against several Defendants, including Morgan Stanley Private Bank National Association, Wells Fargo Bank, N.A., PHH Mortgage Corporation, FV-I, Inc., Shapiro and Ingle, LLP (of Memphis), Specialized Loan Servicing, LLC,

Shapiro and Kirsch, LLP (of Memphis), Shapiro and Ingle, LLP (of Charlotte), Specialized Asset Management, LLC, and Skye Realty, LLC and/or Skye Realty and Rentals, Inc.

The original Complaint alleges that in March 2002, the Plaintiffs entered into a Tennessee Open-End Deed of Trust and that Defendant Morgan Stanley Private Bank National Association ("Morgan Stanley") falsified the Deed of Trust after the Plaintiffs had executed it. The Complaint states that Defendant Morgan Stanley failed to acknowledge or correct the falsified Deed of Trust and began foreclosure proceedings against the Plaintiffs. The Plaintiffs filed a complaint in state court and that as a result of the state complaint, Defendant Morgan Stanley reached a mediated settlement agreement wherein it admitted Plaintiffs' allegations and agreed to a monetary settlement.

The Complaint states that subsequently, in May 2012, the Plaintiffs entered into a Home Equity Line of Credit Modification Agreement with Defendants Morgan Stanley and/or Wells Fargo Bank, N.A. ("Wells Fargo"). The Plaintiffs state that they were induced to enter this transaction because the parties agreed to a five-year extension of the mortgage security interest in certain real property. The Plaintiffs executed the Modification Agreement on May 23, 2012, and they paid $155.00 to complete the record. The Plaintiffs allege that they sent the Modification Agreement to Defendant Morgan Stanley, but it never recorded the Modification Agreement. The Plaintiffs allege that due to Defendant Morgan Stanley's or Wells Fargo's delay in preparing the Modification Agreement, the Plaintiffs paid additional money to Defendant Morgan Stanley. The Complaint states that after Plaintiffs executed and returned the Modification Agreement, they received a letter from Defendant Morgan Stanley informing the Plaintiffs "of a change in Servicers to Defendant PHH Mortgage." [Doc. 1-1 at 13]. The Plaintiffs state that the first statement from Defendant PHH Mortgage was not in compliance with the Modification Agreement. The Plaintiffs

allege that Defendant PHH Mortgage continued to send false statements and that Plaintiffs continued to object when Defendant PHH Mortgage threatened foreclosure. The Plaintiffs state that Defendants Morgan Stanley, Wells Fargo, PHH Mortgage, Shapiro and Kirsch, LLP (of Memphis), and Shapiro and Ingle claimed default and acted on the falsified documents.

The Plaintiffs continue that on December 24, 2013, Defendant PHH Mortgage prepared a Corporate Assignment of Deed of Trust, which assigned the Deed of Trust from Defendant Morgan Stanley to Defendant Wells Fargo. The Plaintiffs contend that there was no mention of the Modification Agreement in the document. The Plaintiffs allege such actions constitute a breach of contract, violations of the Tennessee Consumer Protection Act, and fraud. Subsequently, Plaintiffs received a notice of transfer advising them of a servicer transfer from Defendant PHH Mortgage to Defendant Specialized Loan Servicing, LLC ("SLS"). The Plaintiffs state that Defendant SLS also sent them a letter advising of a "current creditor being Defendant FV-I." [Doc. 1-1 at 17]. The Plaintiffs allege that they later received letters from Shapiro and Kirsch, LLP, (of Memphis) stating the Plaintiffs' debt and identifying Defendant FV-I as the current creditor in trust for Defendant Morgan Stanley, as serviced by Defendant SLS. Later, Defendant Shapiro and Ingle, LLP (of Charlotte), acting as if appointed Substitute Trustee, notified the Plaintiffs that the property was going to be sold by public action. Defendant Skye Realty later offered to make the transition out of the property as easy as possible for the Plaintiffs.

Among other allegations, the Plaintiffs allege that Defendant Shapiro and Ingle failed to meet the minimal statutory foreclosure procedures, the sale was based on false information, and that the Defendants failed to record and abide by the Modification Agreement.

The Complaint was removed [Doc. 1] to this Court on July 20, 2015.

## II. POSITIONS OF THE PARTIES

   *(a) Plaintiffs' Motion for Joinder of Party*

In their instant Motion, the Plaintiffs move for an order joining Morgan Stanley Mortgage Capital Holdings, LLC ("MSMCH"). The Plaintiffs assert that on October 10, 2016, Defendant PHH Mortgage served its discovery responses, which included a document indicating that the ownership of the mortgage loan had been assigned, sold, or transferred to MSMCH. The Plaintiffs assert that based on information, knowledge and belief, MSMCH is yet another subsidiary company of Defendant Morgan Stanley, along with the other Defendants. The Plaintiffs assert that all the Defendants who had ownership of the Deed of Trust and/or Note were obligated to comply with the agreements and terms of the security instruments and law, including providing the Plaintiffs with accurate billing statements, proper processing, and accounting of payments remitted by the Plaintiffs. The Plaintiffs state that MSMCH failed to perform its obligations under the security instruments.

Defendant Morgan Stanley [Doc. 48] filed a Response in opposition to the Motion stating that the Plaintiffs' vague and nominal claims against MSMCH would not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Defendant Morgan Stanley asserts that on February 10, 2017, the Plaintiffs filed an Amended Complaint that included MSMCH despite having no authority to add it as a party. Defendant Morgan Stanley argues that the Amended Complaint barely mentions MSMCH and demonstrates that there is no reason to add it as a party. In addition, Defendant Morgan Stanley submits that motions for leave to amend should be liberally granted unless the motion would be futile. Defendant Morgan Stanley states that there are no specific facts or claims that are unique to MSMCH and that the Court should deny the Motion.

The Plaintiffs filed a Reply [Doc. 52] stating that MSMCH was in fact the owner of record of the Deed of Trust and Note beginning on July 10, 2014. The Plaintiffs state that MSMCH failed to notify them of the assignment, sale or transfer of the security instruments as required and that MSMCH's failure to notify them resulted in the non-inclusion of MSMCH as a Defendant in the original Complaint. The Plaintiffs state that MSMCH failed to provide them with "accurate billing statements and failed to provide checks to access their obligatory credit line as required by the Note." [Doc. 52 at 2]. Further, the Plaintiffs state that MSMCH, in concert with Defendant FV-I, both of whom are subsidiary companies of Defendant Morgan Stanley, failed to provide Plaintiffs with a breach/demand letter or 14-day notice of intent to refer the loan for foreclosure as required by law. The Plaintiffs contend that MSMCH's failure to comply with the terms of the security instrument and the law resulted in the wrongful foreclosure of Plaintiffs' property. The Plaintiffs state that MSMCH is the current owner of record of the Plaintiffs' property and owner of the security instruments beginning on July 10, 2014. Finally, the Plaintiffs state that on February 10, 2017, they filed an amended Complaint subsequent to Plaintiffs' Motion for Joinder and to comply with the District Judge's order to file an Amended Complaint.

   (b)  *Motion to Strike Amended Complaint*

Defendants Shapiro & Ingle, LLP and Shapiro & Kirsch, LLP, (collectively "S&I") filed a Motion to Strike Amended Complaint [Doc. 49], arguing that Plaintiffs filed an Amended Complaint that attempted to add or amend allegations as to the S&I Defendants. The S&I Defendants state that they have not consented to any amendments and that the Court only granted leave to amend the Complaint for purposes of adding Saxon Mortgage Services, Inc., ("Saxon") as an additional party-defendant. The Defendants assert that to the extent the Plaintiffs' Amended Complaint seeks to add or amend allegations concerning the S&I Defendants, the same should be

5

stricken as beyond the scope of the Court's leave to amend. The S&I Defendants request an order dismissing any and all claims asserted against them, striking any impertinent allegations from the Amended Complaint as beyond the scope of the Court's leave, and taxing costs to the Plaintiffs.

*(c)  Motion for More Definite Statement and Joinder in Motion*

Defendants Morgan Stanley, FV-I, SLS, and Specialized Asset Management, LLC, filed a Motion [Doc. 50] seeking a more definite statement pursuant to Federal Rules of Civil Procedure 8 and 12. The Defendants state that the Amended Complaint fails to appropriately designate discernible causes of action against the Defendants and that the Complaint "amounts to a rambling narrative of facts with a number of unspecified causes of action interspersed throughout." [Doc. 50 at 1-2]. The Defendants assert, "The end-result is a hodge-podge document that leaves the Defendants guessing as to which causes of action are asserted against which defendants." [*Id.* at 2]. The Defendants argue that the Amended Complaint fails to meet the minimum threshold pleading standards in Rule 8 and that they are entitled to a more definite statement under Rule 12(e).

Further, the Defendants argue that the Amended Complaint is vague and ambiguous and that the Plaintiffs' factual assertions are not properly tied to the alleged causes of action. The Defendants emphasize that paragraph 15 asserts a violation of the "rules and regulations of the Consumer Financial Protection Bureau," paragraph 23 asserts a violation of the laws of the State of Tennessee, and paragraph 33 alleges violations of the Consumer Protection Laws of the United States and State of Tennessee. In addition, the Defendants argue that paragraph 64 alleges that "SLS's actions and inactions constitute a breach of duty and a violation of the consumer protection laws and regulations of the United States and State of Tennessee." [*Id.* at 3]. The Defendants assert that the Amended Complaint is vague and ambiguous regarding which cause of action is

6

being alleged against which Defendant.  The Defendants contend that when the Plaintiffs appear to tie a cause of action to a specific Defendant, the Complaint fails to do so by using the words "acting through their services, assignees, attorneys, and trustees" and that such language widens the scope of the allegation and thereby implies that every Defendant is potentially implicated by such allegations.

Defendants Wells Fargo and PHH Mortgage filed a Joinder in Motion and Memorandum of Law Seeking a More Definite Statement [Doc. 51].  These Defendants assert that they have equal difficulty in discerning the causes of action generally being plead against them and that the Amended Complaint names eleven Defendants but does not discern which causes of action are pled against each Defendant.

### III.  ANALYSIS

There are four motions pending before the Court.  The Court will first address the Motion for Joinder and then turn to the remaining Motions.

The Plaintiffs seek to join MSMCH as a defendant to this lawsuit.  Defendant Morgan Stanley has opposed the Motion.  The Plaintiffs assert that MSMCH failed to provide them with accurate billing statements and that MSMCH acted in concert with the other Defendants.  Further, the Plaintiffs assert that MSMCH is the current owner of record of the property and has been the owner of the security instruments beginning on July 10, 2014.  Given the liberality of Federal Rule of Civil Procedure 15(a)(1)(2), the Court will allow the Plaintiffs to file an Amended Complaint adding MSMCH as a party.  Although Defendant Morgan Stanley asserts that the allegations against MSMCH would not survive a Rule 12(b)(6) motion, the Court finds that such arguments are better raised in dispositive motion practice.  *See Wiggins v. Kimberly-Clark Corp.*, No. 3:12-cv-115, 2014 WL 1267574, *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend

7

the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the plaintiff files an amended complaint). Accordingly, the Court finds Plaintiffs' Motion [**Doc. 46**] well-taken, and it is **GRANTED**.

Further, Defendants S&I filed a Motion to Strike Amended Complaint [Doc. 49], asserting that the Plaintiffs attempted to add or amend allegations as to S&I Defendants without their consent or without leave of Court. By way of background, on December 2, 2016, the District Judge granted the Plaintiffs leave to join Saxon Mortgage Services [Doc. 43]. The Plaintiffs did not file an amended complaint, so on February 1, 2017, the District Judge ordered the Plaintiffs to file their amended complaint within (10) ten days. The Plaintiffs filed an Amended Complaint on February 10, 2017.

As noted above, Defendants S&I argue that the Amended Complaint adds or amends allegations concerning them. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading as a matter of course within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f). In addition, Rule 15(a)(2) provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

In the instant matter, the Plaintiffs failed to request leave to amend their Complaint with respect to the other Defendants. While the Plaintiffs were granted leave to amend their Complaint to add Saxon as a Defendant, the Plaintiffs did not request, nor did the Court grant, leave to amend the Complaint in other respects. Further, the Court notes that the Plaintiffs failed to respond to the Motion, and the time for doing so has expired. *See* L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Accordingly, because the Plaintiffs did not seek the Court's permission to assert additional allegations as to the other Defendants and

they failed to respond to the instant Motion, the Motion to Strike Amended Complaint [**Doc. 49**] is **GRANTED** to the extent it requests that the Amended Complaint be stricken. The S&I Defendants have also requested, in a conclusionary fashion, "an order dismissing any and all claims asserted against them," but the Court notes that these Defendants have filed a dispositive motion that the District Judge will determine. Finally, because the Court will strike the Plaintiffs' Amended Complaint, the Defendants' Motions for a More Definite Statement [**Docs. 50, 51**] are **DENIED AS MOOT**.

IV. **CONCLUSION**

Accordingly, for the reasons set forth below, the Court **GRANTS** the Plaintiffs' Motion for Joinder of Party [**Doc. 46**], **GRANTS IN PART AND DENIES IN PART** the Motion to Strike Amended Complaint [**Doc. 49**] and **DENIES AS MOOT** the Motions Seeking a More Definite Statement [**Docs. 50, 51**]. The Court further **FINDS** the Amended Complaint [**Doc. 47**] to be **STRICKEN** and **ORDERS** the Plaintiffs to file their Amended Complaint consistent with the above and the District Judge's Order [Doc. 45] within fourteen (14) days of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge