UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVE AND CATHY NEWLAND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:15-CV-00309 |
| ) | REEVES/GUYTON |
| MORGAN STANLEY PRIVATE BANK, N.A., ) | |
| WELLS FARGO BANK, N.A., ) | |
| PHH MORTGAGE CORP., F.V.I, INC., ) | |
| SHAPIRO & INGLE LLP (NORTH CAROLINA) ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| SHAPIRO & INGLE, LLP (TENNESSEE), ) | |
| SPECIALIZED ASSET MANAGEMENT, LLC, ) | |
| MORGAN STANLEY MORTGAGE CAPITAL ) | |
| HOLDINGS, LLC, SKY REALTY, LLC, and ) | |
| SAXON MORTGAGE SERVICES INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Steve and Cathy Newland, acting *pro se*, have brought this action seeking to set aside the foreclosure and sale of their property, and for compensatory damages. Pending before the court are Shapiro & Ingle's motion for judgment on the pleadings [R. 24] and the Newlands motion to amend complaint [R. 59].

### I. Background

The Newlands filed their original complaint on June 3, 2015, in the Circuit Court for Sevier County, Tennessee. The original complaint alleges that in March 2002, the Newlands entered into a Tennessee Open-End Deed of Trust to secure a credit line of up

to $250,000. The terms of the credit agreement required the Newlands to pay off the balance of the credit line within ten years, or by March 20, 2012. The Newlands aver that Morgan Stanley Private Bank, N.A., falsified the Deed of Trust after the Newlands had executed it. The complaint goes on to state that Morgan Stanley failed to acknowledge or correct the falsified Deed of Trust and began foreclosure proceedings against the Newlands. The Newlands filed a complaint in state court that was resolved by a mediated settlement agreement.

In May 2012, the Newlands entered into a Home Equity Line of Credit Modification Agreement with Wells Fargo. The terms of the Modification Agreement required the Newlands to make monthly interest only payments on the unpaid principal balance of $238,686.84 for five years starting in June 2012 and continuing through May 2017, at which time the Newlands agreed to pay the entire loan balance in full. The Newlands allege they sent the executed Modification Agreement to Morgan Stanley, but the agreement was never recorded with the Register's Office.

The Newlands later received a letter from Morgan Stanley informing them of a change in servicers to PHH Mortgage. The Newlands state that the first statement from PHH was not in compliance with the Modification Agreement. The Newlands state they paid all amounts due through June 2012. They continued to remit payments after June 2012, although they allege their prior payments had not been credited to their account. On June 5, 2012, Morgan Stanley reported the Newlands as delinquent. The Newlands allege that PHH continued to send false statements and they had no obligation to remit payments based on erroneous billing statements. The Newlands sent a check in the amount of

$774.99 that was returned marked "not enough to cure default." The Newlands next received a letter dated August 3, 2012, from PHH stating "as of today, you loan is 3 payments past due." During the next several months, PHH continued to return some payments, accepted and processed some payments, and failed to acknowledge, process or return some payments, according to the Newlands. PHH ceased to provide any monthly billing statements to the Newlands after April 2013. On April 26, 2013, PHH and Wells Fargo referred the Newlands account to Shapiro & Kirsch, LLP (n/k/a Shapiro & Ingle, LLP of Memphis[1]) for foreclosure.

On August 16, 2014, the Newlands received a letter from one of the Shapiro Defendants stating, "as of June 19, 2014, our client has advised us that the amount of the debt was $260,377.23." On September 9, 2014, the Newlands responded to the letter disputing the validity of the debt. The Newlands state they continued to send letters to the Shapiro Defendants disputing the debt, but defendants failed to address the issues raised in their letters.

Shapiro & Ingle LLP (of Charlotte, North Carolina), acting as Substitute Trustee, notified the Newlands that the property was going to be sold by public auction on May 15, 2015. On May 19, 2015, the Shapiro Defendants caused a Trustee's Deed to be recorded in Sevier County conveying the property to FV-1 for a sale price of $205,000.

Among other allegations, the Newlands allege the Shapiro Defendants failed to meet the minimal statutory foreclosure procedures; the foreclosure sale was based on false

---

[1] The Newlands have sued both Shapiro & Ingle, LLP, a North Carolina limited liability partnership; and Shapiro & Kirsch, LLP, n/k/a Shaprio & Ingle, LLP, a Tennessee limited liability partnership.

information; and the Shapiro Defendants failed to record and abide by the Modification Agreement. The Newlands allege one or both of the Shapiro Defendants caused a sale to be conducted on May 15, 2015, "at a closed and locked Sevier County courthouse, while all the streets surrounding the courthouse were closed," and that the auctioneer who conducted the sale did so in "a normal tone of voice." The Newlands make general allegations of a "below market sale price" and that they will suffer "severe damages and irreparable harm" if the foreclosure is not set aside.

The lawsuit was removed to this court on July 20, 2015. The Shapiro Defendants filed a motion for judgment on the pleadings on February 17, 2016 [R. 24]. The Shapiro Defendants aver that the Newlands owe over three years of payments they are unable to pay; and there is no allegation tending to show the Shapiro Defendants, as substitute trustee, pursued foreclosure in bad faith. The Newlands filed a response on March 11, 2016 [R. 26]. The Newlands then moved to amend their complaint on April 21, 2017 [R. 59]. The Shapiro Defendants responded to that motion on May 5, 2017 [R. 61]. The Newlands filed a reply on May 11, 2017 [R. 63].

## II.  Motion to Amend Complaint

When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). Under Federal Rule of Civil Procedure 15(a), judges are directed to grant leave to amend pleadings freely "when justice so requires." The determination of whether the circumstances of a case are such that justice

would require the allowance of an amendment is left to the sound discretion of the court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In support of their motion to amend, the Newlands state that they wish to describe in further detail assertions against the Shapiro Defendants that were unknown to them when the original complaint was filed and to include joined party defendants, Saxon Mortgage Services, Inc., and Morgan Stanley Mortgage Capital Holdings, LLC. The Newlands further state the motion to amend was filed prior to the deadline set by the court in the scheduling order. The Newlands aver that the Shapiro Defendants will not suffer undue prejudice from the filing of the amended complaint because these parties have not yet begun discovery, and the trial and all deadlines contained in the scheduling order have been continued.

The Newlands point out that defendants Morgan Stanley, SLS, and Specialized Asset Management filed a motion seeking a more definite statement of the Newlands claims. Defendants Wells Fargo and PHH joined in the motion for more definite statement. The Newlands contend their proposed amended complaint complies with the defendants requests for a more definite statement.

The Shapiro Defendants assert that the proposed amendments to the complaint would be futile as to them; thus, the court should deny the Newlands motion to amend. The Shapiro Defendants state the proposed amended complaint fails to address the numerous deficiencies argued in their motion for judgment on the pleadings. Specifically, the Newlands have failed to allege they have complied with the terms of the Modification Agreement; failed to allege the Shapiro Defendants acted in bad faith in pursuing

5

foreclosure; failed to allege there was any material defect in the foreclosure sale; and failed to allege prejudice from any alleged sale defect.

The Newlands proposed amended complaint adds Saxon Mortgage Services, Inc., and Morgan Stanley Mortgage Capital Holdings, LLC as defendants. In addition, the Newlands have described in more detail their claims against all defendants. Therefore, the court finds that the Newlands would suffer prejudice if the court were to disallow their proposed amended complaint. The court can more properly address the Shapiro Defendants objections to the amended complaint when considering the motion for judgment on the pleadings. None of the other current or joined defendants have filed a dispositive motion in this matter, and the court cannot find that the proposed amended complaint is futile as to any other defendant or claim that has not been brought before the court for review.

It appears that justice requires that the Newlands be allowed to amend their complaint to state their claims with more specificity than was done in their original complaint filed in state court. Accordingly, the Newlands motion to amend their complaint [R. 59] is **GRANTED.** The court will next address the Shapiro Defendants motion for judgment on the pleadings in light of the amended complaint.

### III. Motion for Judgment on the Pleadings

The Shapiro Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Motions for judgment on the pleadings pursuant to Rule 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* A pleading that merely offers "labels and conclusions," or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The court does not need to accept as true unwarranted inferences, unreasonable conclusions, or arguments. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). Additionally, in reviewing a Rule 12(b)(6) motion to dismiss, a court may look to documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Although the court is obligated to liberally construe a *pro se* plaintiff's allegations, the court is not required to accept a *pro se* plaintiff's contentions as true, and cannot ignore a failure to allege facts which set forth a cognizable claim. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In their first argument, the Shapiro Defendants state that Shapiro & Ingle, LLP (of North Carolina) was incorrectly joined to this action. The court disagrees. The Newlands have alleged they received correspondence from the North Carolina entity regarding the status of their account, and that the North Carolina entity "acting as Substitute Trustee," notified them that their property was going to be sold by public auction on May 15, 2015. The Newlands have alleged sufficient facts for the court to conclude that the North Carolina entity is properly included as a defendant in this action.

7

Next, defendants argue that the Newlands cannot show the Shapiro Defendants acted in bad faith. Under Tenn. Code Ann. § 35-5-116(d), a trustee is not liable for any good faith error resulting from reliance on any information in law or fact provided by the secured party. *See Baker v. JP Morgan Chase Bank, N.A.*, 2014 WL 1795176 at *5 (M.D.Tenn. May 6, 2014) (holding a substitute trustee has no independent duty to investigate the merits of a lender's request to conduct a foreclosure sale). The allegations of the Newlands complaint show a longstanding dispute over three years prior to the foreclosure sale during which the Newlands admittedly did not pay the indebtedness and could not reach a resolution with their lender despite ongoing payment obligations. The court agrees with the Shapiro Defendants that Tennessee law does not give the Newlands the right to sue the substitute trustee under the facts as alleged in their complaint. As the Tennessee Court of Appeals found in *Baker,* a substitute trustee has no duty to determine "who owned the indebtedness, whether a plaintiff was in default, whether there were pre-foreclosure settlement discussions, or whether additional fees were added to the note." *Id.*

The Shapiro Defendants assert the alleged failure to record the Modification Agreement is irrelevant as the Modification Agreement contains no stipulations regarding how the foreclosure sale was to be conducted. The court agrees. Moreover, "Registration is not essential to the validity of an instrument; it is fully effective between the parties without this step." Toxey Sewell, The Tennessee Recording System, 50 Tenn. L. Rev. 1, 15 (1982). Instead, the purpose for recording the Modification Agreement is to protect the secured creditor, not to protect the debtor; *i.e.*, to put the debtors' purchasers and judgment creditors on notice to the extent there is an increase in the secured indebtedness. The

8

Modification Agreement is valid for all other purposes. *Id.* Thus, any failure to record the Modification Agreement is irrelevant to the claims against the Shapiro Defendants.

Last, the Shapiro Defendants argue the Newlands have failed to allege a claim against them relating to the manner of sale. The court agrees. In general, a foreclosure sale may be set aside if the interested party can show evidence of "irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price." *Holt v. Citizens Central Bank*, 688 S.W.2d 414, 416 (Tenn. 1984). The Newlands allege the Shapiro Defendants failed to meet the minimal statutory foreclosure procedures; caused a sale to be conducted on May 15, 2015, "at a closed and locked Sevier County courthouse, while all the streets surrounding the courthouse were closed," and that the auctioneer who conducted the sale did so in "a normal tone of voice." The Newlands make general allegations of a "below market sale price."

Tenn. Code Ann. § 35-5-101(a) requires advertisement of a foreclosure sale be made three different times in some newspaper published in the county where the sale is to be made. The Shapiro Defendants have submitted an affidavit showing notice of the foreclosure sale was published on April 24, May 1, and May 8, 2015, and that the advertisement was published online for the duration of the run dates. Therefore, the court finds that proper notice of the foreclosure sale was made by the Shapiro Defendants.

As for a sale price that is "grossly inadequate or unfair," this fact alone is insufficient to state a claim to set aside a foreclosure sale. *Holt*, 688 S.W.2d at 416. The Newlands admit they received notice of the sale, but do not allege they were willing and able to bid at the sale. Nor do the Newlands allege that another person would have bid more than the

9

$205,000 offered by FV-1.  There is no allegation there were any specific bidders who were interested in bidding and denied an opportunity to bid.  Therefore, the mere fact that the sale was for a price that the Newlands considered inadequate or unfair is insufficient, as a matter of law, to set aside the foreclosure sale.  Even if all factual allegations as to the Shapiro Defendants in the amended complaint are true, the amended complaint fails to state a claim upon which relief may be granted against the Shapiro Defendants.  Accordingly, the Shapiro Defendants motion to dismiss is **GRANTED**.

### IV.  Conclusion

In light of the foregoing discussion, the following action is taken:

1. The Newlands' motion to amend their complaint [R. 59] is **GRANTED.**  The Newlands are **DIRECTED** to file the amended complaint within **ten (10) days** of entry of this Memorandum and Order.

2. The Shapiro Defendants' motion for judgment on the pleadings [R. 24] is **GRANTED;** all claims against Shapiro & Ingle LLP (North Carolina) and Shapiro & Ingle, LLP (Tennessee) are **DISMISSED, with prejudice.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**