## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| STEVE AND CATHY NEWLAND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.   3:15-cv-00309 |
| ) | REEVES/GUYTON |
| MORGAN STANLEY PRIVATE BANK, N.A., ) | |
| WELLS FARGO BANK, N.A., ) | |
| PHH MORTGAGE CORP., F.V.I, INC., ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| SPECIALIZED ASSET MANAGEMENT, LLC, ) | |
| MORGAN STANLEY MORTGAGE CAPITAL ) | |
| HOLDINGS, LLC, SKY REALTY, LLC, and ) | |
| SAXON MORTGAGE SERVICES INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Steve and Cathy Newland, acting *pro se*, have brought this action seeking to set aside the foreclosure and sale of their property, and for compensatory damages. Pending before the court are the motions to dismiss filed by Morgan Stanley Private Bank, N.A.; FV-I, Inc.; Specialized Loan Servicing, LLC; Specialized Asset Management, LLC; Morgan Stanley Mortgage Capital Holdings, LLC; and Saxon Mortgage Services, Inc.[1]

### I.  Background

The Newlands filed their original complaint on June 3, 2015, in the Circuit Court for Sevier County, Tennessee.  The original complaint alleges that in March 2002, the

---

[1] Defendants Wells Fargo Bank, N.A.; PPH Mortgage Corp.; and Sky Realty and Rentals, Inc., have not moved to dismiss the claims against them.  Defendants Shapiro & Ingle, LLP (Tennessee); and Shapiro & Ingle, LLP (North Carolina, were dismissed by prior order of the court [R. 68].

Newlands entered into a Tennessee Open-End Deed of Trust with Morgan Stanley to secure a credit line of up to $250,000. The terms of the credit agreement required the Newlands to pay off the balance of the credit line within ten years, or by March 20, 2012.

In April 2012, the Newlands entered into a Home Equity Line of Credit (HELOC) Modification Agreement with Wells Fargo. The terms of the Modification Agreement required the Newlands to make monthly interest-only-payments on the unpaid principal balance of $238,686.84 for five years starting in June 2012 and continuing through May 2017, at which time the Newlands agreed to pay the entire loan balance in full. The Newlands allege they sent the executed Modification Agreement to Morgan Stanley, but the agreement was never recorded with the Register's Office.

The Newlands allege difficulties with the servicing of the modified HELOC and attempted to communicate with certain of the servicers and lenders involved with processing the HELOC. The Newlands further allege their attempts to pay on the HELOC Modification were rejected by PHH, the servicer at the time. The Newlands stopped making all payments under the Note, Deed of Trust, and HELOC sometime in late 2012 or early 2013. On April 26, 2013, PHH and Wells Fargo referred the Newlands account to Shapiro & Kirsch, LLP for foreclosure. The property was sold by public auction on May 15, 2015 to FV-I for a sale price of $205,000. The Newlands received notice of the sale, but do not allege they were willing and able to bid at the sale.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To

2

determine whether the complaint states a facially plausible claim, the court takes a two-step approach. *Id.* at 679. First, it separates the complaint's factual allegations from its legal conclusions. All factual allegations, and only the factual allegations, are taken as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the court asks whether these factual allegations amount to a plausible claim for relief. *Id.* at 555. The allegations do not need to be highly detailed, but they must do more than simply recite the elements of the offense. *Id.* Specifically, the complaint must plead facts permitting a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570.

### III. Morgan Stanley and Saxon

The Newlands allege thirteen claims against the Morgan Stanley defendants and Saxon: (1) breach of contract; (2) failure to apply $850.00 payment; (3) failure to record HELOC; (4) false reports to credit agencies; (5) failure to provide checkbook for HELOC; (6) failure to respond to written dispute; (7) failure to provide billing statements; (8) fraud; (9) failure to notify of transfer of Deed of Trust to Wells Fargo; (10) "actions and inactions" by defendants; (11) failure to provide 14-day foreclosure notice; (12) failure to provide notice of transfer of deed of trust; and (13) use of unregistered name by Saxon.

**A.    Breach of Contract**

The Newlands allege breach of contract for not notifying them that their loan was being serviced by Saxon. To establish a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and

3

damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005). The Newlands do not allege any problems arose as a result of Saxon's servicing of the HELOC; nor do they allege any damages associated with Morgan Stanley's failure to provide notice that Saxon was the loan servicer.

The Newlands do allege that a $850.00 payment remitted on May 1, 2012 was not applied to their account until June 2, 2012. However, the record shows that Saxon transferred service of the loan to PHH on June 1, 2012, and the $850.00 payment was transferred to PHH to apply. The Newlands claim for breach of contract fails because they have not shown any nonperformance amounting to a breach, nor any damages. Accordingly, this claim is dismissed.

**B.     Failure to Apply $850.00 Payment**

The Newlands allege in ¶ 28 of their complaint that the failure to apply the $850.00 payment is a violation of the Truth In Lending Act (TILA), 15 U.S.C. § 1666a, a violation of 12 C.F.R. § 1026.36(c)(1)(i), and conversion. However, neither Morgan Stanley nor Saxon were responsible for applying the $850.00 payment because PHH was the servicer as of the due date of that payment. The Newlands second Amended Complaint acknowledges that PHH, not Morgan Stanley or Saxon, was responsible for allocation of the $850.00 payment for June.

The Newlands also allege a claim for conversion of the $850.00 payment. However, this claim is barred by the three-year statute of limitations under Tenn. Code Ann. § 28-3-105. Transfer of the funds and the responsibility to allocate payment was made to PHH on June 1, 2012. Any claim against Morgan Stanley or Saxon had to be brought before June

4

1, 2015. The Newlands did not file suit until June 3, 2015. Accordingly, the Newlands have failed to state a claim against Morgan Stanley or Saxon pertaining to the $850.00 payment.

C.  **Failure to Record HELOC**

The Newlands allege that Morgan Stanley and/or Saxon failed to "complete and record" the HELOC Modification Agreement, and this failure was a breach of trust, an unfair or deceitful practice under the Tennessee Consumer Protection Act, gross negligence, or conversion.

"Registration is not essential to the validity of an instrument; it is fully effective between the parties without this step."  Toxey Sewell, The Tennessee Recording System, 50 Tenn. L. Rev. 1, 15 (1982). Instead, the purpose for recording a Modification Agreement is to protect the secured creditor, not to protect the debtor; *i.e.*, to put the debtors' purchasers and judgment creditors on notice to the extent there is an increase in the secured indebtedness.  The Modification Agreement is valid for all other purposes. *Id.* Thus, any failure to record the Modification Agreement is irrelevant to the claims against these defendants and does not support a claim against them.

D.  **False Reports to Credit Agencies**

The Newlands allege that Morgan Stanley falsely reported them as delinquent to credit reporting agencies on June 5, 2012, in violation of the Fair Debt Collection Practices Act (FDCPA).  This claim fails as a matter of law.

First, Morgan Stanley is a creditor and not a debt collector under the FDCPA. Because Morgan Stanley was the originator of the original loan, Morgan Stanley is a

creditor. The FDCPA applies to "debt collectors," but not to "creditors." 15 U.S.C. § 1692(e); *see also Lewis v. ACB Bus. Servs. Inc.,* 135 F.3d 389, 411 (6th Cir. 1998) (holding that a company whose principal purpose is to extend credit rather than collect debts is not a debt collector under the Act). Accordingly, the court finds that the Newlands have failed to state a claim for violation of the FDCPA by Morgan Stanley.

**E.     Failure to Provide Checkbook**

The Newlands next allege that Morgan Stanley and Saxon breached the Note/ HELOC Modification Agreement by failing to provide them a checkbook. Defendants respond that it was the Newlands' obligation to seek additional checks. The court agrees.

Although ¶ 2 of the Note states that the borrower will be issued an initial supply of checks, this paragraph was not referenced in the HELOC Modification, and in any event, Morgan Stanley's obligation arose and was presumptively satisfied under the Note in 2002, when the Note was originally entered. Paragraph 2 goes on to state that "subsequent checks will be sent at your request . . . ." The Newlands do not allege that they requested additional checks.

The Newlands also assert that the failure to provide a checkbook violates the provisions of Tenn. Code Ann. § 47-30-111. The statute states that a lender's failure to make loan advances to the borrower under a reverse mortgage loan contract shall be deemed the lender's default of the contract. *Id.* The court does not find the statute to apply to a lender's failure to provide a checkbook where such checkbook has not been requested, and the Newlands have not provided any citation to authority interpreting the statute in this

6

manner. Accordingly, the Newlands cannot state a claim for breach of the Note/HELOC Modification Agreement or for violation of Tenn. Code Ann. § 47-30-111.

**F.      Failure to Respond to Written Dispute**

The Newlands allege that Morgan Stanley and Saxon "never acknowledged or responded to their written disputes regarding the June 6 statement from PHH, violating the TILA. This claim is barred by the one-year statute of limitations for TILA violations. *See* 15 U.S.C. § 1640(e); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1039 (6th Cir. 1984) (failure to make disclosures required by TILA must be brought within one year from the time of discovery of the violation).

The Newlands sent their dispute letter on June 27, 2012; therefore, any claim under TILA had to be brought no later than one year and ninety days after the date of the letter, by September 25, 2013. The Newlands did not file their original complaint until June of 2015, so the claim is untimely.

**G.      Failure to Provide Billing Statements**

The Newlands allege that Morgan Stanley ceased providing monthly billing statements after April 2013, which is a violation of 12 C.F.R. § 226.7 (TILA). Under the Note, there are mutual obligations regarding the provision of statements: "Statements will be sent to you on a monthly basis when your Account has a debit or credit balance of more than $0.00 or during which a Finance Charge has been paid. You agree to notify us if you do not receive any statement." The Newlands do not allege they notified Morgan Stanley that they failed to received statements after April 2013, therefore, they cannot state a claim for violation of  12 C.F.R. § 226.7. Moreover, under 12 C.F.R. § 226.5(b)(2)(i), a creditor

7

need not provide periodic statements if the creditor deems the balance uncollectible. The Newlands acknowledge they stopped making payments under the Note, Deed of Trust, and HELOC in late 2012 or early 2013. Accordingly, the Newlands cannot state a claim for failure to provide billing statements.

**H.     Fraud by Charles Wood**

The Newlands' allegations regarding Charles Wood are difficult to understand. It appears they are asserting that because Wood was an employee of the Shapiro defendants, the execution and recordation of the assignment of the Deed of Trust on December 30, 2013, was a fraudulent act which violates the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. §§ 47-18-104(a) and (b). Because the Newlands do not allege that Wood was an employee of Morgan Stanley or Saxon, the claim fails as a matter of law.

**I.     Failure to Notify of Transfer of Deed of Trust to Wells Fargo**

The Newland allege that Morgan Stanley failed to notify them of the December 30, 2013, of the assignment of the Deed of Trust to Wells Fargo, which violates paragraph 17 of the Deed of Trust and TILA, 15 U.S.C. § 1641(g) (Liability of Assignees) and 12 C.F.R. § 1026.39.

Paragraph 17 of the Deed of Trust states that the "Borrower will be given notice of the change in accordance with this Mortgage and applicable law." The party obligated under 15 U.S.C. § 1641 is the assignee of the instrument, not the assignor. See 15 U.S.C. § 1641(g)(1) ("the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer"). Since Morgan Stanley was the assignor, Morgan

8

Stanley was not required under the statute to provide notice of the assignment to the Newlands and their claim fails as a matter of law.

The Newlands also assert a claim under 12 C.F.R. § 1026.39, but this section is not applicable to the facts in this case. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016) (finding the notice requirement applies only to the assignment of the underlying debt, not to the instrument such as the deed of trust that secures the transaction").

## J. Actions and Inactions of Morgan Stanley and Saxon

The Newlands state that defendants' "actions and inactions" violate TILA, 12 C.F.R. § 1026.36(k). The court disagrees. This section only applies to "closed-end transactions secured by a dwelling." HELOCs, however, are considered "open-ended transactions" under TILA because debtors can draw on them continuously, up to the credit limit. *See Cooper v. Green Tree Servicing, LLC*, 2015 WL 5085770 at *9, n. 9 (N.D.Ohio Aug. 27, 2015).

## K. Failure to Provide 14-Day Foreclosure Notice

The Newlands allege that Morgan Stanley and Saxon failed to provide a breach/demand letter or a 14-day foreclosure referral notice regarding the referral from SLS to the substitute trustee. The Newlands fail to provide legal or statutory citation to support this claim. Instead, in their response, they assert they were never notified of any default. However, Exhibit 8.2 to their original complaint is a letter dated August 3, 2012, wherein they were informed that the HELOC was three months past due and that

foreclosure actions could be taken as a result. Accordingly, the court finds that the Newlands received notice that the loan was in default and that foreclosure was imminent.

**L.     Failure to Provide Notice of Transfer of Deed of Trust and Note**

The Newlands allege that Morgan Stanley failed to notify them regarding the "assignment, sale or transfer of the Note or Deed of Trust to Wells Fargo, FV-I or MSMCH as required by agreement in the Deed of Trust and pursuant to 15 U.S.C. § 1641(g) and 12 C.F.R. § 1026.39."

As stated previously, Paragraph 17 of the Deed of Trust states that the "Borrower will be given notice of the change in accordance with this Mortgage and applicable law." The party obligated under 15 U.S.C. § 1641 is the assignee of the instrument, not the assignor. See 15 U.S.C. § 1641(g)(1) ("the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer"). Since Morgan Stanley was the assignor, Morgan Stanley was not required under the statute to provide notice of the assignment to the Newlands.

The Newlands also assert a claim under 12 C.F.R. § 1026.39, but this section is not applicable to the facts in this case. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016) (finding the notice requirement applies only to the assignment of the underlying debt, not to the instrument such as the deed of trust that secures the transaction"). Accordingly, this claim fails as a matter of law.

**M.     Use of Unregistered d/b/a/ Name By Saxon**

The Newlands allege that Saxon used the "unregistered DBA/Assumed Names of 'Morgan Stanley' and Morgan Stanley Home Loans." Plaintiffs argue this amounts to a

false or misleading representation under both FDCPA, 15 U.S.C. § 1692e, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(b)(1). The court disagrees. Under § 1692e of the FDCPA, Saxon is not a "debt collector" as defined in the statute because the indebtedness was not in default when Saxon began servicing the loan. *See Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (noting that an entity is either a "creditor" or "debt collector" under the FDCPA depending on default status at the time it was acquired). Therefore, the Newlands have failed to state a claim as § 1692e only applies to "debt collectors."

For claims asserted under 12 U.S.C. § 2605(b)(1), there is a three-year statute of limitations. *See* 12 U.S.C. § 2614. Because Saxon ended any servicing on the Newlands loans on June 1, 2012 and because the Newlands did not file suit until June 3, 2015, their claim is untimely.

**N. Discovery Rule**

The Newlands attempt to save barred claims by relying upon the discovery rule to toll the statute of limitations. Under the discovery rule, a plaintiff's statute of limitations will not accrue until the plaintiff "discovered, or reasonably should have discovered" (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury, and (2) the identity of the defendant who breached the duty. *Grindstaff v. Bowman*, 2008 WL 2219274 at *5 (Tenn.Ct.App. May 29, 2008). This rule imposes a duty on a plaintiff to investigate and discover pertinent facts through due diligence. *Id.* at *6. Thus, the discovery rule only tolls the statute of limitation during the period when the plaintiff has no knowledge at all that the wrong has occurred and, as a reasonable person, was not

put on inquiry. *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990). Courts will not reward a plaintiff's failure to investigate their case by extending the statute of limitation simply because the plaintiff subsequently discovered facts that could easily have been discovered earlier. *Grindstaff*, 2008 WL 2219274 at *5.

As to the alleged conversion of the $850.00 payment, the Newlands assert they could not have had knowledge that the payment was not applied to their account until after receipt of the June 2012 statement form PHH. While this argument may trigger the discovery rule as to any claim asserted against PHH, it would not apply to the Newlands' claims against Morgan Stanley or Saxon. The record shows the $850.00 payment was transferred to PHH to be applied to the June payment obligation. Therefore, the $850.00 payment could not have been converted by Morgan Stanley or Saxon.

**O.   New Claims Asserted in Response**

In their response, the Newlands assert new claims of libel/slander and for violation of 15 U.S.C. §§ 1692e(8) and (10) (FDCPA). Defendants contend that the Newlands may not assert new claims in their response. Defendants are correct.

The Newlands have twice been granted leave to amend their complaint, but have not filed a motion to amend their complaint a third time. It is well-settled that a plaintiff cannot add new claims to his complaint in opposition to a motion to dismiss. *See Williams v. United States*, 2017 WL 2275564 at *2 (S.D.Ohio, May 5, 2017); *Bonds v. Univ. of Cincinnati Med. Ctr.*, 2017 WL 3671239 (S.D.Ohio, Aug. 24, 2017); *Jocham v. Tuscola Cnty*, 239 F.Supp.2d 714, 732 (W.D.Tenn. 2013) (holding that plaintiffs may not amend their complaint through a response brief").

# IV. SPECIALIZED LOAN SERVICING

The Newlands allege six claims against Specialized Loan Servicing (SLS): (1) erroneous billing statements; (2) failure to provide 14-day foreclosure notice; (3) provision of erroneous information; (4) failure to respond to dispute letter; (5) failure to provide requested information; and (6) false report to credit agencies.

**A.      Erroneous Billing Statements**

The Newlands allege in ¶ 55 of their second Amended Complaint that PHH and SLS generated erroneous billing statements. The Newlands fail to include any facts or legal citation to support their claim against SLS. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put "flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995). Accordingly, the claim will be dismissed as to SLS.

**B.      Failure to Provide 14-Day Foreclosure Notice**

The Newlands allege that SLS failed to provide a breach/demand letter or a 14-day foreclosure referral notice regarding the referral from SLS to the substitute trustee. The Newlands fail to provide legal or statutory citation to support this claim. The Newlands' second Amended Complaint fails to identify any right or law that SLS allegedly violated, let alone make "direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434* (6th Cir. 1988). Accordingly, this claim is dismissed.

C.  **Provision of "erroneous and Deceitful" Information**

The Newlands allege in ¶s 60 and 61 of their second Amended Complaint that SLS provided "erroneous and deceitful' information to them violating the TCPA, Tenn. Code Ann. §§ 47-18-104(a) and (b), by providing "one letter and one statement" dated June 11, 2014, and including allegedly incorrect information.

The TCPA applies to any "act or practice which is unfair or deceptive to the consumer or to any other person." Tenn. Code Ann. § 47-18-104(b)(27). The TCPA's provisions, however, are limited to those actions affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). The Supreme Court of Tennessee has concluded that a lender's repossession of collateral securing a default loan is not actionable under the TCPA. *See Pursell v. First American Nat'l Bank*, 937 S.W.2d 838, 842 (Tenn. 1996). Since *Pursell*, courts have consistently held that a lender's actions in foreclosure and debt collection, even when pursuing loan modification, are not covered by the TCPA. *See Aycock v. Bank of America, N.A.*, 2015 WL 3746997 (W.D.Tenn. May 28, 2015); *Peoples v. Bank of America*, 2012 WL 601777 (W.D.Tenn. Feb. 22 ,2012); *Vaughter v. BAC Home Loans Servicing,* LP, 2012 WL 162398 (M.D.Tenn Jan 19, 2012). Accordingly, the Newlands cannot maintain a claim under the TCPA.

D.  **Failure to Respond to Dispute Letter**

The Newlands allege that SLS "failed to respond to Plaintiffs' Dispute Letter in any meaningful way," which constitutes a violation of RESPA, 12 U.S.C. §§ 2605(e) and (k) (Servicing of Mortgage Loans). The record contains the Newlands' letter sent to SLS on July 15, 2014, and SLS's response on July 21, 2014. SLS also sent a letter to the Newlands

on July 31, 2014, providing the Newlands with all information requested in their dispute letter. The Newlands do not deny receiving the July 31, 2014 letter and do not allege how the response was inadequate. Accordingly, the court finds they have failed to state a claim under 12 U.S.C. §§ 2605(e) and (k).

E.  **Failure to Provide Requested Information**

The Newlands next allege that SLS failed to provide information requested by their attorney. However, the record shows that SLS responded to multiple requests from the Newlands' attorney. (See R. 1, Ex. 11.1 to original complaint.) Because SLS did respond to the request for information, this claim is dismissed.

F.  **False Report to Credit Agencies**

The Newlands allege that SLS reported them as delinquent to credit reporting agencies, which action amounted to an unfair and deceitful act in violation of TILA, 15 U.S.C. § 1666a; FDCPA, 15 U.S.C. § 1692e(10); and RESPA, 12 U.S.C. § 2605(e)(3). As proof of their allegations, the Newlands reference Exhibit 24 to their second Amended Complaint.

First, the record shows that SLS complied with its obligations under § 1666a of TILA by responding to the Newlands' dispute letter and informing them of the requested information. After responding to the dispute letter, SLS had no further responsibility. *See* 15 U.S.C. § 1666(a)(B)(ii) ("After complying with the provisions of this subsection with respect to any billing error, a creditor has no further responsibility under this section if the obligor continues to make substantially the same allegation with respect to such error").

15

Second, the claim under § 1692e(10) fails because this section deals with false representations or deceptive means in collecting a debt, and is not applicable to a claim regarding reporting to a credit agency.

Third, § 2605(e)(3) states: "During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute . . . a servicer may not provide information . . . to any consumer reporting agency." The Newlands sent their dispute letter on July 15, 2014. The Newlands fail to provide specifics regarding this claim, and instead, attach some records to their complaint without sufficient explanation. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put "flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995). Accordingly, the court finds the Newlands have failed to provide sufficient facts to support a claim under § 2605(e)(3) and the claim is dismissed.

## V. FV-I

The Newlands allege five claims against FV-I: (1) failure to provide 14-day foreclosure notice; (2) failure to provide notice of assignment; (3) referral to Shapiro & Ingle; (4) failure to provide notice of sale; and (5) failure to provide notice of transfer of Deed of Trust.

### A. Failure to Provide 14-day Foreclosure Notice

The Newlands allege they did not received a 14-day notice of referral to foreclosure from FV-I; however, they have not provided legal or statutory citation to support this claim;

thus, the claim fails as a matter of law. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995). This claim is dismissed.

**B.      Failure to Provide Notice of Assignment**

The Newlands allege that FV-I failed to provide notice of the assignment of the Deed of Trust dated July 10, 2014. The Newlands allege violations of TILA, 15 U.S.C. § 1641(g) and 12 C.F.R. § 1026.39.

The cited statutory and regulatory authorities only apply to transfers of the underlying debt, here the Note, and not any instrument associated therewith, such as the Deed of Trust. Thus, the cited authorities are not applicable to the facts alleged by the Newlands and fail to state a claim. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016) (finding the notice requirement applies only to the assignment of the underlying debt, not to the instrument such as the deed of trust that secures the transaction").

**C.      Referral to Shapiro & Ingle**

The Newlands allege FV-I's referral of their loan to Shapiro & Ingle for foreclosure is a "violation of law and regulation" without citation to legal or statutory authority to support their claim. Under the standard set forth in the *Iqbal* and *Twombly* decisions, it is no longer sufficient for a plaintiff to plead facts permitting a mere inference of possible misconduct. *Iqbal,* 556 U.S. at 679 (only a complaint that states a plausible claim for relief can survive a motion to dismiss). Rather, plaintiffs are required to make a "showing" that

17

they are entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Twombly,* 550 U.S. at 556 n. 3. Because the Newlands have failed to provide sufficient facts to state a claim under any legal or statutory authority this claim is dismissed.

**D.     Failure to Provide Notice of Sale, Transfer and/or Assignment**

The Newlands claim that FV-I failed to provide notice of the transfer of the Deed of Trust in violation of TILA, 15 U.S.C. § 1641(g).

As stated above, § 1641(g) only applies apply to transfers of the underlying debt, here the Note, and not any instrument associated therewith, such as the Deed of Trust. Thus, § 1641(g) is inapplicable to the facts alleged by the Newlands and fail to state a claim. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016) (finding the notice requirement applies only to the assignment of the underlying debt, not to the instrument such as the deed of trust that secures the transaction").

**E.     Failure to Provide Notice of Transfer of Deed of Trust and Note**

This claim is duplicative of the one above and is be dismissed for the reasons previously stated.

## VI.  SPECIALIZED ASSET MANAGEMENT

The Newlands allege Specialized Asset Management (SAM) entered into an agreement with Skye Realty, LLC, and allege bad acts by Skye, asserting SAM was Skye's principal in an alleged agent/principal relationship. However, the Newlands provide no factual basis that SAM and Skye entered into any principal/agent relationship.

To establish an agency relationship, the burden of proof is on the person attempting to establish an agency that the alleged agent was in fact the agent of the alleged principal

and was authorized to do the act done.  *See Raines v. Shoney's Inc*., 909 F.Supp. 1070, 1078 (E.D.Tenn. 1995).  The Newlands' allegations fail to establish an agency relationship existed with the requisite control need to impose liability.  Accordingly, this claim is dismissed.

### VII.  Conclusion

In light of the foregoing discussion, the following action is taken:

1. Defendants' motions to dismiss [R. 70, 81] are **GRANTED;** all claims against Morgan Stanley Private Bank, N.A.; FV-I, Inc.; Specialized Loan Servicing, LLC; Specialized Asset Management, LLC; Morgan Stanley Mortgage Capital Holdings, LLC; and Saxon Mortgage Services, Inc. are **DISMISSED, with prejudice.**

2. Defendants' motion for a scheduling order and trial date [R. 85] is **GRANTED.**  By separate order the court will set a trial date in this matter as to the remaining defendants.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**