# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| STEVE NEWLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00309 |
| ) | REEVES/GUYTON |
| WELLS FARGO BANK, N.A., ) | |
| PHH MORTGAGE CORP., F.V.I, INC., ) | |
| And SKYE REALTY, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Steve and Cathy Newland[1], acting *pro se*, bring this action to set aside the foreclosure and sale of their property, and for compensatory damages. Pending before the court is the motion to dismiss filed by Wells Fargo Bank, N.A. and PHH Mortgage Corporation.

### I. Background

The Newlands filed the original complaint on June 3, 2015, in the Circuit Court for Sevier County, Tennessee. The original complaint alleges that in March 2002, the Newlands entered into a Tennessee Open-End Deed of Trust with Morgan Stanley to secure a credit line of up to $250,000. The terms of the credit agreement required the Newlands

---

[1] Steve Newland filed a Notice of Death of Plaintiff Cathy Newland [R. 95].

to pay off the balance of the credit line within ten years. Newland avers that Morgan Stanley falsified the Deed of Trust after the Newlands had executed it and failed to acknowledge or correct the Deed of Trust. Morgan Stanley started foreclosure proceedings. Newland filed a complaint in state court that was resolved by a mediated settlement agreement.

On November 28, 2005, Morgan Stanley sent a letter to the Newlands acknowledging the terms of the settlement, stating that the "loan will mature on 5/2/2012 at which time the entire outstanding balance will be due and payable." Thus, the Newlands Note was due to be paid in full no later than May 2, 2012.

In February 2012, the Newlands responded to an offer to extend the terms of the Note and Deed of Trust for five years. The Newlands subsequently applied for a modification to their Note and accompanying home equity line of credit (HELOC). The Newlands did not sign the HELOC Modification Agreement until May 24, 2012, several weeks after the loan was due and payable in full. Further, although the Modification Agreement submitted by the Newlands contains their signatures, the signature lines for the lender acknowledgement are blank. In addition, the cashier's check the Newlands allege they sent to Morgan Stanley was dated on May 24, 2012, several weeks after the loan was due in full. The Newlands do not allege they modified the loan prior to the date the loan matured, nor do they allege they paid the loan in full by the loan maturity date of May 2, 2012. The Newlands stopped making all payments under the Note, Deed of Trust, and HELOC sometime in late 2012 or early 2013.

The loan was subsequently transferred to PHH Mortgage Corporation for servicing. Newland alleges PHH did not acknowledge the Modification Agreement between Morgan Stanley and plaintiffs and continued to show the loan as delinquent. With the loan showing a default status, PHH began foreclosure proceedings. The Deed of Trust was assigned from Morgan Stanley to Wells Fargo Bank on December 30, 2013. Before foreclosure was complete, the loan was sold to FV-1, and the loan servicing was transferred from PHH to Specialized Loan Servicing (SLS). The Deed of Trust was assigned from Wells Fargo to FV-1 on July 10, 2014. SLS and FV-1 continued foreclosure proceedings. A substitute trustee was named on April 10, 2015, and the property was sold on May 15, 2015 to FV-1. The Newlands received notice of the sale, but do not allege they were willing and able to bid at the sale.

## II. Standard of Review

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Under this rule, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Coyer v. HSBC Mtg. Servs., Inc.,* 701 F.3d 1104, 1107-08 (6th Cir. 2012). To survive a Rule 12(c) motion to dismiss, the well-pled allegations (taken as true) must raise a right to relief above the speculative level but need not go beyond "a short and plain statement showing that the pleader is entitled to relief." *Stafford v. Jewelers Mut. Inc. Co.,* 554 Fed. Appx. 360, 370 (6th Cir. 2014).

## III. Analysis

**A.** **Breach of Contract**

Under Tennessee law, to state a claim for breach of contract, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.,* 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005). However, a party who has materially breached a contract is not entitled to damages stemming from the other party's later material breach of the same contract. *United Brake Sys. v. Am. Environmental Protection, Inc.,* 963 S.W.2d 749, 756 (Tenn.Ct.App. 1997). Here, the record shows that the Newlands breached the Note and Deed of Trust first by failing to pay the loan in full by the maturity date of May 2, 2012. By the time the Newlands executed the loan modification on May 24, 2012, their loan was already delinquent. The only copy of the alleged 2012 Modification Agreement in the record is not signed by the creditor. Therefore, the operative agreement is the 2005 settlement agreement that required payment in full by May 2, 2012. Since the Newlands were the first to breach the contract, they are precluded from recovering against defendants for any alleged subsequent breach by defendants.

Newland alleges that a $850.00 payment remitted on May 1, 2012 was not applied to the account until June 2, 2012. The alleged Modification Agreement would have provided for an extension of the term through May 2, 2017, at which time the loan would mature. However, there is no record that the Modification Agreement was signed by the creditor, and the loan went into default status. The Newlands stopped making all payments under the Note, Deed of Trust, and HELOC sometime in late 2012 or early 2013. The

4

Newlands failed to make payments under the alleged Modification Agreement and failed to pay the loan in full by May 2017. During this time, the Newlands were still in possession of and had use of the property. Any alleged misapplication by PHH of one $850.00 payment is immaterial to the Newlands failing to make monthly payments and payment of the principal balance when due.

**B.   Failure to Record HELOC**

Newland alleges that defendants failed to complete and record the HELOC Modification Agreement, and this failure was a breach of trust, an unfair or deceitful practice under the Tennessee Consumer Protection Act, gross negligence, or conversion.

As stated in the court's previous order, "Registration is not essential to the validity of an instrument; it is fully effective between the parties without this step." Toxey Sewell, <u>The Tennessee Recording System</u>, 50 Tenn. L. Rev. 1, 15 (1982). Instead, the purpose for recording a Modification Agreement is to protect the secured creditor, not to protect the debtor; *i.e.*, to put the debtors' purchasers and judgment creditors on notice to the extent there is an increase in the secured indebtedness. The Modification Agreement is valid for all other purposes. *Id.* Thus, any failure to record the Modification Agreement is irrelevant to the claims against these defendants and does not support a claim against them.

In his response, Newland states that although he paid Saxon $155.00 to complete and record the Modification Agreement, it was not done. Saxon has already been dismissed as a party-defendant in this action, so this claim fails as a matter of law.

C.   **Failure to Provide Checks**

Newland next alleges that defendants breached the Note/HELOC Modification Agreement by failing to provide them with checks. Defendants respond that it was the Newlands' obligation to seek additional checks. The court agrees.

Although Paragraph 2 of the Note states that the borrower will be issued an initial supply of checks, this paragraph was not referenced in the Modification Agreement, and in any event, defendants' obligations arose and were satisfied under the Note in 2002, when the Note was originally entered. Paragraph 2 goes on to state that "subsequent checks will be sent at your request . . . ." Newland does not allege that he requested additional checks.

Newland also asserts that the failure to provide checks violates the provisions of Tenn. Code Ann. § 47-30-111. The statute states that a lender's failure to make loan advances to the borrower under a reverse mortgage loan contract shall be deemed the lender's default of the contract. *Id.* The court does not find the statute to apply to a lender's failure to provide checks where such checks have not been requested, and Newland has not provided any citation to authority interpreting the statute in this manner. Accordingly, Newland cannot state a claim for breach of the Note/HELOC Modification Agreement or for violation of Tenn. Code Ann. § 47-30-111.

D.   **Failure to Respond to Written Dispute**

Newland alleges that defendants "never acknowledged or responded to written disputes regarding the June 2012 statement from PHH, violating the TILA. The court has already found this claim is barred by the one-year statute of limitations for TILA violations. *See* 15 U.S.C. § 1640(e); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1039 (6th Cir.

6

1984) (failure to make disclosures required by TILA must be brought within one year from the time of discovery of the violation).

Newland does not dispute that this claim is time barred. Accordingly, the claim is dismissed.

**E.     Failure to Apply $774.99 Payment**

Next, Newland alleges PHH improperly rejected the $774.99 payment of August 3, 2012, and this is a violation of 12 C.F.R. § 1026.36(c)(1) (TILA). The record shows that the Newlands did not sign the loan modification prior to the date the loan matured, nor did they pay the loan in full by the maturity date of May 2, 2012. Because the loan went into default on May 2, 2012, PHH was not obligated to accept a partial payment in August 2012.

Second, 12 C.F.R. § 1026.36(c)(1) only applies to closed-end consumer credit transactions. The note at issue here is a Home Equity Line of Credit, which is considered an open-end transaction under TILA. Therefore, this statute is not applicable to the claim.

**F.     Failure to Provide Billing Statements**

Newland concedes that he failed to notify defendants that statements were not provided after April 2013. Accordingly, this claim is dismissed.

**G.     False Reports to Credit Agencies**

Newland alleges that PHH reported erroneous information to credit reporting agencies and failed to report that the account was in dispute, in violation of 15 U.S.C. §§ 1666a and 1692e(8) of the Fair Debt Collection Practices Act (FDCPA). This claim fails as a matter of law.

7

First, the loan was in default status, so the information reported was not erroneous. Second, the FDCPA only applies to consumer debts, and the Newlands were using the property for commercial purposes. The complaint and amended complaint both refer to the Newlands' business operations on the property. Newland references improvements made to the property to provide additional income as a leased property. In addition, he refers to the sole proprietorship formed for the purpose of operating the property for lease for camping, retreats, gatherings, weddings, and other events. The amended complaint also alleges that the acts of defendants "inhibited plaintiffs' ability to conduct business on the property," and the referral of the property for foreclosure "is the proximate cause of damages to plaintiffs by causing the plaintiffs to lose tenants, buyers, prospective leases and prevented plaintiffs from pursuing their business activities." Based on these statements, it appears that the property and the corresponding loan were commercial in nature, and therefore not covered by the FDCPA. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes); *McKamey v. Fin. Accounts Servs. Team, Inc.,* 2010 WL 3632192 at *4 (E.D.Tenn. Sept. 10, 2010). Accordingly, the FDCPA claim fails as a matter of law.

**H.     Failure to Notify of Transfer of Deed of Trust**

Newland concedes to dismissal of this claim in his response.

**I.     Failure to Abide by Terms of Loan Modification Agreement**

Newland does not oppose dismissal of this claim.

**J.     Actions and Inactions of Defendants**

Newland does not oppose dismissal of this claim.

**K.     Failure to Provide Notice of Transfer of Servicing**

Newland does not oppose dismissal of this claim.

**L.     Failure to Provide 14-Day Foreclosure Notice**

Newland alleges that defendants failed to provide a breach/demand letter or a 14-day foreclosure referral notice regarding the referral to the substitute trustee. Newland fails to provide legal or statutory citation to support this claim. Instead, in the response, he asserts he was never notified of any default. However, Exhibit 8.2 to the original complaint is a letter dated August 3, 2012, wherein he was informed that the HELOC was three months past due and that foreclosure actions could be taken as a result. Accordingly, the court finds that Newland received notice that the loan was in default and that foreclosure was imminent.

**M.     Failure to Provide Notice of Transfer of Deed of Trust and Note**

Newland alleges that Wells Fargo failed to notify him regarding the "assignment, sale or transfer of the Note or Deed of Trust to Wells Fargo, FV-I or MSMCH as required by the Deed of Trust and pursuant to 15 U.S.C. § 1641(g) and 12 C.F.R. § 1026.39."

Any claim regarding the transfer to Wells Fargo in 2013 is barred by the applicable statute of limitations. *See* section H. above. As to the transfer to FV-1, Wells Fargo was under no obligation to provide Newland with notice of the transfer. The assignee of the instrument is the party obligated to notify the borrower of the transfer. See 15 U.S.C. §

1641(g)(1) ("the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer").

Newland also asserts a claim under 12 C.F.R. § 1026.39, but this section is not applicable to the facts in this case. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016) (finding the notice requirement applies only to the assignment of the underlying debt, not to the instrument such as the deed of trust that secures the transaction"). Accordingly, this claim fails as a matter of law.

### N. Tennessee Consumer Protection Act

In his response, Newland states that he does not oppose dismissal of his claim under the TCPA.

### O. Motion to Amend

Newland moves for leave to file a Third Amended Complaint to further detail assertions against Wells Fargo and PHH. Defendants oppose the motion.

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings prior to trial. At a certain point though, a party may amend the complaint "only with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). The court has discretion to deny a motion to amend for a variety of reasons, such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A proposed

amendment is considered "futile" when it would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015).

Newland unduly delayed filing his motion. As noted by defendants, Newland received discovery in December 2016, prior to the filing of defendants' motion for judgment on the pleadings. Additionally, Newland has failed to correct the deficiencies in his prior two amendments. Newland has waited too long to seek a third amendment, and as stated above, the court finds the proposed amendment would not survive a motion to dismiss. In addition, a party prejudices his opponent by missing the court's scheduled deadlines and waiting until after dispositive motions are filed before introducing new legal theories. *Priddy v.* Edelman, 883 F.2d 438, 446-47 (6th Cir. 1989). Accordingly, the motion to amend is denied.

**P.     Claim Against Skye Realty**

Newland names Skye Realty, LLC as a defendant in this action. In the second Amended Complaint, Newland states that "This Defendant is a necessary party to this action." Paragraph 81 contains the allegations against Skye Realty as follows:

> Defendant SAM entered into an agreement with Defendant, SKYE on or about June, 2014, the same month and year as Defendant, SLS referred Plaintiffs' loan for foreclosure. Defendant SKYE left a note on Plaintiffs' driveway gate dated '5/27/15' stating 'the bank has sent us out to speak w/you'. Plaintiffs responded to the note by telephone call to Defendant, SKYE inquiring as to who they are and who is "the bank"? Defendant, SKYE would not identify who "the bank" was and responded via email stating "We have been asked by the bank to make the transition for you out of the property as easy as possible" …. The Plaintiffs expressed no interest in their "cash for keys" offer or vacating the property. The following day, while the Plaintiffs were not at home, Defendant SKYE acting as broker/agent for Defendant SAM, returned to the property, bypassing the closed driveway gate, ignoring two no trespassing signs and a private

property sign and then plastered the same documents, as provided to Plaintiffs in the email, all over the front door of Plaintiff's residence.

[R. 69, ¶ 81]. Newland provides no legal or statutory authority for a claim against Skye Realty and the court finds that he has failed to state a cognizable claim. The complaint fails to identify any right or law that Skye Realty allegedly violated let alone makes "direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Accordingly, the court will dismiss Skye Realty as a defendant in this action.

### IV. Conclusion

In light of the foregoing discussion, the following action is taken:

1. Defendants' motion to dismiss [R. 92] is **GRANTED;** all claims against Wells Fargo Bank, N.A. and PHH Mortgage Corporation are **DISMISSED, with prejudice.**

2. Newland's motion for leave to file a Third Amended Complaint [R. 101] is **DENIED.**

3. Skye Realty, LLC is **DISMISSED** as a defendant in this action.

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**